UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHERYL DOYON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 2:11-cv-168-NT |
| | ) |
| RITE AID CORPORATION, et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON CROSS-MOTIONS FOR APPROVAL OF FORM OF LETTER

In accordance with my memorandum decision and order dated November 18, 2011, *see* Docket No. 35, both sides in this putative class action lawsuit have filed cross-motions for approval of a form of letter to be sent by the plaintiff's counsel to putative class members, *see* Defendants' Response to the Court's November 18, 2011 Order Governing Communications ("Defendants' Motion") (Docket No. 38) & Exh. B (Docket No. 38-2) thereto; Plaintiff's Motion for Confidentiality Order and Related Relief ("Plaintiff's Motion") (Docket No. 39). To their credit, the parties have largely agreed on the form of the letter. *See id*. Only two areas of disagreement remain. *See id*. With respect to those, I now **RULE** as follows:

1. Whether recipients "are" or "may be" members of the potential class. The plaintiff seeks to inform recipients that they are receiving the letter because they *are* members of the potential class, reasoning that to state otherwise would be inaccurate and tend to create confusion and ambiguity. *See* Plaintiff's Motion at 3. The defendants contend that recipients should be informed that they *may be* members of the potential class, arguing that a recipient "cannot *be* a member of a *potential* class that is nothing more than an allegation in a pleading at this stage; rather, he or she *may be*." Defendants' Motion at 2-3 (emphasis in original). The

1

plaintiff has the better argument. She proposes to contact only persons fitting the proposed class definition, namely, "all current and former assistant store managers employed by Rite Aid, and similarly situated current and former employees of Rite Aid holding comparable positions but different titles, in the State of Maine, from April 22, 2005 to the date of the judgment in this action." Plaintiff's Amended Complaint and Jury Trial Demand (Docket No. 33) ¶ 15. She already clarifies, in her proposed letter, that the class is only a "potential" class. *See* Plaintiff's Motion at 2. With respect to this issue, I therefore **ADOPT** the plaintiff's version and **REJECT** the defendants' version of the letter.[1]

2.  Whether Recipients Should Be Notified That Their Decision To Contact the Plaintiff's Counsel Will Not Affect Any Right To Participate in This Lawsuit. The defendants propose to insert, after a sentence that states, "Whether or not you decided to participate in the *Craig* lawsuit [*Craig v. Rite Aid Corp.*, Civil Action No. 4:08-CV-2317 (M.D. Pa.)] has no effect on any right you may have to participate in the Maine lawsuit": "Similarly, whether or not you decide to contact us will not affect any right you may have to participate in the Maine lawsuit." Exh. B to Defendants' Motion; *see also* Defendants' Motion at 3. The defendants reason that, absent such an explanation, recipients may feel obligated to contact the plaintiff's counsel. *See id*. The plaintiff protests that this proposed language is not only unnecessary but also, from her point of view, intended to dissuade recipients from contacting her counsel. *See* Plaintiff's Motion at 2-3. In this instance, the defendants have the better argument. There is a legitimate concern, in the context of a plaintiff's counsel's efforts to communicate with putative class

---

[1] The defendants previously raised a concern that the plaintiff's counsel inevitably would end up contacting former Assistant Store Managers who have since been promoted to Store Managers and, hence, constitute the defendants' counsel's clients for purposes of the rule against *ex parte* communications with another lawyer's client. *See* Docket No. 35 at 15. The defendants state that this no longer is an issue with respect to which they request court oversight at this time, the plaintiff's counsel having agreed not to talk to any Store Manager who might call them. Defendants' Motion at 3.

members, that recipients of such letters may feel obligated to make such contact for fear that failure to do so might jeopardize any right to participate in a class action, if one ultimately is certified. To the extent that a recipient wishes to contact the plaintiff's counsel for reason(s) apart from that unfounded fear, the defendants' proposed sentence should have no deterrent effect. With respect to this issue, I therefore **ADOPT** the defendants' version and **REJECT** the plaintiff's version of the letter.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 19th day of December, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge